Curia, per Wardlaw, J.
The verdict, with the con.currence of the Circuit Judge therein, has established that the defendant had notice of the assignment, before the agreement concerning the payment on Harriet Brown’s judgment was made, and that Tibbetts had not the authority of his assignee to make that agreement.- The question is then, in effect, whether, when there has been a voluntary assignment of all his choses by an insolvent under a deed to a trustee for creditors, a debtor on open account, after notice of the assignment, can defeat the rights of the assignee by payment to the insolvent.
Whilst.it is admitted that a Court of Law will protect the assignee of a bond or unnegotiable note, when he sues in the name of his assignor, not only against the release or other unjust interference of the assignor, but against any payment made by the debtor to the assignor after notice of the assignment, it is argued that the same respect will not be given to the assignment of an unliquidated demand. It is said the bond or unnegotiable note is, of itself, evidence of debt and security for money — partakes of the nature of a substantial chattel — may be delivered — and for it, trover will lie; but an unliquidated demand is merely ideal, and is represented by nothing visible, which may pass as the test *146 of ownership. This distinction is recognized by the cases of Brown & Co. v. Rees, and Brown v. Thompson — but the f°rmer ^ese cases was decided upon the assumption that neither the notice of the assignment nor the insolvency of the assignor was proved, and the latter relates to the subject an ecluitable discount. The principle upon which a Court of Law protects the assignee, when the suit is not in his own name, applies to all choses in action equally. .The case of Winch v. Keely, where it was recognized, was in-debitatus assumpsit, for work and labour, &c. Our late case of Mixon v. Jones, was a demand for millwright’s work done under special contract; and although there the assignment had been made under the prison bounds Act, yet, the action being in the name of the assignor, the assignee had no higher rights than he would have had under a voluntary assignment.
We suppose not that the Act of 1828 has enlarged the powers or rights of the assignee of an insolvent; it has rather regulated and abridged them. Upon the subject in hand, it has pioduced no effect which would not have ensued without it; but it is evidence of the efficacy which, before its enactment, was given to the assignment of all a debtor’s choses; and we decide merely, that a debtor shall not be permitted to defeat such an assignment, after notice of it, by payment to the assignor, or agreement with him. Every such act must be fraudulent, and ought not to be sustained.
We decide nothing as to cases where the assignment may be doubtful or informal — as by the bare delivery of some paper which contains a copy of an account or statement of a demand, or by an oral transfer of power to collect. Here the assignment was by deed, formal and plainly irrevocable.
The defendant is not required to become debtor without his consent,.nor to contract with a person that he has not chosen to deal with ; but that which his creditor could demand of him, he must, pay to the order of that creditor, and he is required only to heed the notice that any other payment is void. In his payment, every discount or equity which subsisted at the time of the assignment is allowed; but he is not permitted, after notice of the assignment, to affect the assignee by discount or equity against the assignor, subsequently acquired.
The chief objection to the practice of a Court of Law in protecting assignees of choses, is some want of mutuality a discount °f die defendant against the assignee, existing at the commencement of the suit, is rejected. But this case, no such discount was offered, and the matter need not now be considered.
The motion is dismissed.
Evans, Frost and Withers, JJ. concurred.

Motion refused.